IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DAEMONT WHEELER, | § | |
| | § | |
| Defendant Below, | § | No. 137 & 139, 2015 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware, |
| | § | in and for Kent County |
| STATE OF DELAWARE, | § | Cr. ID No. 0911008949 |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: September 2, 2015
Decided: October 19, 2015

Before **STRINE**, Chief Justice; **HOLLAND**, and **SEITZ**, Justices.

**O R D E R**

This 19th day of October 2015, upon consideration of the appellant's Supreme Court Rule 26(c) brief, the State's response, and the record below, it appears to the Court that:

(1) On April 7, 2011, after a three day trial, a Superior Court jury found the appellant, Daemont Wheeler, guilty of Attempted Murder in the First Degree, Possession of a Firearm During the Commission of a Felony, Possession of a Firearm by a Person Prohibited ("PFBPP"), and Possession of Firearm Ammunition by a Person Prohibited ("PFABPP"). These convictions arose from the shooting of Herbie Davis. Wheeler was declared a habitual offender under 11 *Del. C.* § 4214(a). Wheeler was sentenced to life imprisonment for Attempted

Murder in the First Degree and thirty eight years of Level V imprisonment for the other offenses.

(2)  On direct appeal, Wheeler argued that his Sixth Amendment Right to Confrontation was violated when the Superior Court admitted statements into evidence that were made by people who did not testify at trial.[1]  We held that the Superior Court did not err in permitting Davis to testify that shortly after Wheeler shot him, an eyewitness told Davis' sister that Wheeler shot Davis.  The eyewitness' statement fell within the present sense impression and excited utterance exceptions to the hearsay rule.[2]  We also held that the Superior Court erred in permitting a police officer to testify that Wheeler was his only suspect in Davis' shooting after he interviewed three people who were not present at trial. This testimony constituted indirect hearsay and violated the Confrontation Clause of the Sixth Amendment.[3]  In light of the cumulative nature of the testimony and Davis' "compelling" and "emphatic eyewitness identification of Wheeler as the person who shot him," we concluded that the error in admitting the police officer's testimony was harmless beyond a reasonable doubt and therefore affirmed the judgments of the Superior Court.[4]

---

[1] *Wheeler v. State*, 36 A.3d 310, 312 (Del. 2012).
[2] *Id.* at 315.
[3] *Id.* at 315-20.
[4] *Id.* at 321.

2

(3) On October 3, 2012, Wheeler filed a motion for appointment of counsel, which the Superior Court denied. On December 11, 2012, Wheeler filed a timely motion for postconviction relief under Superior Court Criminal Rule 61 ("Rule 61"). Wheeler contended that his trial counsel and appellate counsel were ineffective, his right to a speedy trial was violated, and there was prosecutorial misconduct. The Superior Court referred Wheeler's motion to a Superior Court Commissioner, who directed Wheeler's former attorneys to submit affidavits and set a briefing schedule. Wheeler filed two more motions for appointment of counsel, which the Superior Court Commissioner and the Superior Court denied.

(4) On August 20, 2013, the Superior Court Commissioner found that Wheeler's speedy trial and prosecutorial misconduct claims were barred by Rule 61(i)(3), and that his ineffective assistance of counsel claims did not satisfy the two-prong standard in *Strickland v. Washington*.[5] The Superior Court Commissioner recommended that the Superior Court deny Wheeler's motion for postconviction relief. Wheeler filed objections to the report and recommendations of the Superior Court Commissioner. The Superior Court accepted the recommendation of the Superior Court Commissioner and denied Wheeler's motion for postconviction relief.[6]

---

[5] 466 U.S. 668 (1984).

[6] *State v. Wheeler*, 2013 WL 5881705 (Del. Super. Ct. Oct. 3, 2013), *vacated*, 2014 WL 44715 (Del. Jan. 2, 2014).

3

(5) On appeal, this Court concluded that the Superior Court abused its discretion in denying Wheeler's motion for appointment of counsel.[7] We vacated the Superior Court's October 3, 2013 decision and remanded the matter to the Superior Court for the appointment of counsel to represent Wheeler on his first motion for postconviction relief.[8]

(6) On January 31, 2014, the Superior Court appointed postconviction counsel ("Postconviction Counsel") to represent Wheeler. On January 27, 2015, Postconviction Counsel filed a motion to withdraw and supporting memorandum. Postconviction Counsel represented that Wheeler's claims lacked sufficient merit to be ethically advocated and that they had not discovered any other potential meritorious grounds for relief. Wheeler opposed the motion to withdraw. The Superior Court granted the motion to withdraw and denied Wheeler's motion for postconviction relief.

(7) Wheeler and Postconviction Counsel filed notices of appeal from the Superior Court's order and the appeals were consolidated. Postconviction Counsel filed a motion for appointment of substitute counsel. This Court permitted Postconviction Counsel to withdraw and appointed substitute counsel ("Appellate Postconviction Counsel").

---

[7] *Wheeler v. State*, 2014 WL 44715, at *1.
[8] *Id.*

4

(8)     On July 20, 2015, Appellate Postconviction Counsel filed a brief and a motion to withdraw under Supreme Court Rule 26(c).  Appellate Postconviction Counsel asserts that, based upon a complete and careful examination of the record, there are no arguably appealable issues.   Appellate Postconviction Counsel informed Wheeler of the provisions of Rule 26(c) and provided Wheeler with a copy of the motion to withdraw and the accompanying brief.   Appellate Postconviction Counsel also informed Wheeler of his right to identify any points he wished this Court to consider on appeal.  Wheeler submitted a memorandum and exhibits.  The State has responded to Wheeler's points and asked this Court to affirm the Superior Court's judgment.

(9)     When reviewing a motion to withdraw and an accompanying brief under Rule 26(c), this Court must: (i) be satisfied that defense counsel has made a conscientious examination of the record and the law for arguable claims; and (ii) conduct its own review of the record and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[9]   This Court reviews the Superior Court's denial of postconviction relief for abuse of discretion and questions of law *de novo*.[10]  When reviewing the Superior Court's denial of a motion for postconviction relief, this

---

[9] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *Leacock v. State*, 690 A.2d 926, 927-28 (Del. 1996).
[10] *Dawson v. State*, 673 A.2d 1186, 1190 (Del. 1996).

5

Court must first consider the procedural requirements of Rule 61 before addressing any substantive issues.[11]

(10) Wheeler's arguments on appeal may be summarized as follows: (i) his trial counsel was ineffective for not moving to sever the PFBPP and PFABPP charges; (ii) his trial counsel was ineffective for cross-examining the State's ballistics expert without a copy of the expert's report; (iii) his trial counsel was ineffective for failing to consult with a medical expert before cross-examining Davis; (iv) his trial counsel was ineffective for failing to object to the prosecutor's vouching during closing arguments; (v) his appellate counsel was ineffective for failing to raise the prosecutor's vouching; and (vi) his appellate counsel was ineffective for failing to argue that the State violated Superior Court Criminal Rule 26.2 and withheld material exculpatory evidence when it did not produce a tape recorded statement Davis made to the police.

(11) To prevail on an ineffective assistance of counsel claim, a defendant must establish that: (i) his counsel's representation fell below an objective standard of reasonableness; and (ii) but for counsel's unprofessional errors, there is a reasonable probability that the outcome of the proceedings would have been different.[12] The *Strickland* standard leads to a "strong presumption that the

[11] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).
[12] *Strickland*, 466 U.S. at 687-88.

6

representation was professionally reasonable."[13]  The defendant must also set forth and substantiate concrete allegations of actual prejudice.[14]

(12)  Wheeler contends that his trial counsel's failure to file a motion for severance of the PFBPP and PFABPP charges constitutes ineffective assistance. Wheeler does not cite any authority to support this contention.  The parties stipulated at trial that Wheeler was prohibited from possessing a firearm after having been convicted of a felony or a crime of violence involving physical injury. Wheeler's trial counsel prepared a redacted form of the indictment that eliminated references to Wheeler's previous conviction for Assault in the Second Degree.

(13)  Even if stipulating to Wheeler's person prohibited status rather than filing a motion to sever was professionally unreasonable, Wheeler has not shown that there is a reasonable probability that, but for the supposed error, the outcome of the trial would have been different.  As we recognized on direct appeal, "Wheeler was well-known to Davis" and Davis' identification of Wheeler as the person who shot him was "compelling" and "emphatic." [15]  Wheeler has therefore not satisfied the second prong of the *Strickland* analysis.

(14)  Wheeler next claims that his trial counsel was ineffective for cross-examining the State's ballistics expert without the benefit of the ballistics expert's

---

[13] *Flamer v. State*, 585 A.2d 736, 753 (Del. 1990).
[14] *Younger v. State*, 580 A.2d 552, 556 (Del.1990).
[15] *Wheeler v. State*, 36 A.3d at 321.

7

report. Wheeler acknowledges that it is unclear from the record whether his trial counsel received the ballistics expert's report before the expert testified. The record does reflect that the ballistics expert report was admitted as a trial exhibit before Wheeler's trial counsel cross-examined the expert. Wheeler does not identify the information in the report that he claims the expert should have been cross-examined about by Wheeler's trial counsel.

(15) Wheeler has not shown his trial counsel's cross-examination of the ballistics expert was deficient. The State's case was based primarily on eyewitness identification, not ballistics testimony. The ballistics expert testified that the six shell casings found on the scene were from the same semi-automatic gun that could have been manufactured by several different companies. On cross-examination, Wheeler's trial counsel elicited testimony from the ballistics expert that he had no idea who shot Davis and that it is possible to leave a fingerprint on a shell casing. During closing argument, Wheeler's trial counsel highlighted that there was no evidence of Wheeler's fingerprints appearing on any of the shell casings. Under these circumstances, Wheeler has not shown that his trial counsel's cross-examination of the ballistics expert fell below an objective standard of reasonableness.

(16) Wheeler next contends that his trial counsel was ineffective for failing to consult with a medical expert before he cross-examined Davis. Wheeler claims

8

that if his counsel had consulted a medical expert, he could have impeached Davis regarding his testimony that after he was shot in the back, he turned to see Wheeler holding a gun. Wheeler speculates that Davis, who could not feel his legs after the shooting and was confined to a wheelchair as a result of the shooting, could not have turned to see who shot him. Wheeler offers nothing to substantiate his speculation that a medical expert would have concluded the shooting left Davis unable to turn his head and see who shot him. Wheeler also disregards that Davis testified that he heard Wheeler say he disliked Davis before shooting him. Wheeler's speculation regarding what a medical expert might conclude does not overcome the strong presumption that trial counsel's representation was reasonable or show a reasonable probability of a different outcome at trial.[16]

(17) Wheeler next argues that his trial counsel should have objected to the prosecutor's improper vouching during closing argument, and his appellate counsel should have raised the issue on appeal. In his closing argument, the prosecutor stated:

> What does he [Wheeler] do, then? He goes outside, the State would suggest, to go get his gun, or he got it when he went back down into the basement, and came back up, but we know he did get a gun. And we know he pulled it out. And we know he shot the gun six times at

---

[16] *See, e.g.*, *Flamer v. State*, 585 A.2d at 755 (finding no prejudice where defendant asked Court to speculate that if medical examiner had been asked certain questions, medical examiner's responses would have been beneficial to defense).

Herbie Davis, striking him four times. We also know that all of those shots came from the same gun.[17]

"[I]mproper vouching occurs when the prosecutor implies personal superior knowledge, beyond that logically inferred from the evidence at trial."[18] Even assuming the prosecutor's statements constituted impermissible vouching rather than logical inferences from the evidence at trial and Wheeler could satisfy the first prong of *Strickland*, Wheeler has not established a reasonable probability that the outcome of the proceedings would have been different given the record in this case, including Davis' "emphatic" and "compelling" identification of Wheeler as the person who shot him.[19]

(18) Finally, Wheeler claims his appellate counsel was ineffective for failing to argue that the State violated Superior Court Criminal Rule 26.2 and withheld material exculpatory evidence when it did not produce a taped statement Davis made to the police. Wheeler also appears to suggest that his appellate counsel should have raised the fact that Davis was provided a copy of police reports and statements of other witnesses before Davis testified. The taped statement claim is based on Detective Ryder's testimony at an April 2010 preliminary hearing that Davis gave a taped statement, and Davis' testimony at trial that he gave a recorded statement to Detective Ryder. The rest of the record,

---

[17] Appendix to Appellant's Brief Under Rule 26(c) at A-459.
[18] *Kirkley v. State*, 41 A.3d 372, 377 (Del. 2012).
[19] *Wheeler v. State*, 36 A.3d at 321.

however, does not support Wheeler's claim that the State failed to produce a tape recorded statement made by Davis.

(19) Before Wheeler's trial counsel cross-examined Davis at trial, he asked the State to produce any statements Davis gave to the police. The prosecutor stated that there were no such statements. When Detective Ryder was cross-examined by Wheeler's trial counsel, Detective Ryder testified that he never took a statement from Davis and there was no taped statement. In his closing argument, Wheeler's trial counsel emphasized that Detective Ryder never took a statement from Davis in depicting the police investigation as incomplete and insufficient. Under these circumstances, Wheeler has not shown that his appellate counsel was unreasonable in not arguing on appeal that the State had violated its disclosure obligations.

(20) To the extent Wheeler complains that his appellate counsel should have argued on appeal that it was improper for Davis to view police reports and witness statements before he testified, he does not point to anything that prohibited Davis from viewing the reports and statements. In his cross-examination of Davis, Wheeler's trial counsel used Davis' review of the police reports to suggest Davis' testimony was based on the reports rather than his own memory of the shooting. Wheeler has failed to show that his appellate acted unreasonably in not arguing on appeal that it was improper for Davis to review the police reports.

11

(21) This Court has reviewed the record carefully and has concluded that Wheeler's appeal is wholly without merit and devoid of any arguably appealable issue. We also are satisfied that Appellate Postconviction Counsel has made a conscientious effort to examine the record and the law and has properly determined that Wheeler could not raise a meritorious claim in this appeal.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot.

BY THE COURT:


*/s/ Collins J. Seitz, Jr.*
Justice